IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARGARET L. CORBETT,            )
                                )
              Plaintiff,        )
                                )
         v.                     )      1:11CV700
                                )
JOHN M. McHUGH,                 )
SECRETARY,                      )
UNITED STATES ARMY,             )
                                )
              Defendant.        )

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Defendant's Motion to Dismiss, in Part, and Transfer Venue (Docket Entry 13). For the reasons that follow, the Court will grant Defendant's motion in part.

Background

The instant action arises from what Plaintiff alleges was discrimination and disparate treatment on the basis of her gender by her employer – the United States Department of the Army ("Army") – as well as by certain managers and employees of the Army. (See Docket Entry 1.)

Since January 2006, Defendant employed Plaintiff as a civilian in the position of Supervisory Supply Specialist in the Army's Logistics Management Branch, Airborne Special Operations Test Directorate ("ABNSOTD"), located in Fort Bragg, North Carolina.

(See id., ¶ 18.) In January 2008, Defendant began implementing a new pay-scale system in which civilian positions were given a designation indicating whether said positions were considered supervisory or non-supervisory. (See id., ¶¶ 23-26.) A non-supervisory designation could result in "less monthly compensation" and "significantly less opportunities to receive future salary increases, advancements and promotions." (See id., ¶ 31.)

Plaintiff contends that, although qualified for categorization as supervisory positions (see id., ¶ 31), Defendant gave "all of the two (2) female Army employees in Plaintiff's office who were 'supervisors' under the [former pay-scale system] (including Plaintiff)" a non-supervisory designation (id., ¶ 30). In contrast, "Defendant converted all of the approximately eight (8) male Army employees in Plaintiff's office who were 'supervisors' under the [former pay-scale system]" to a supervisory-designated position in the new system as well. (See id., ¶ 29.)

Plaintiff, after "duly exhaust[ing] all administrative remedies as may be required by law" (id., ¶ 17), filed a Complaint in this Court for "Title VII-Disparate Treatment" (see id., ¶¶ 32-37) and "Violation of Equal Pay Act" (see id., ¶¶ 38-40). Defendant filed the instant Motion to Dismiss, in Part, and Transfer Venue (Docket Entry 13) moving the Court to "dismiss this action, in part, due to lack of subject matter jurisdiction" and "to transfer this matter from the United States District Court for

-2-

the Middle District of North Carolina to the United States District Court for the Eastern District of North Carolina," under "Rule 12(b)(3) of the Federal Rules of Civil Procedure and Title VII, 42 U.S.C. § 2000e-5(f)(3) and 16(d) and Title 28 U.S.C. § 1404(a)," respectively. (Id. at 1.)

Motion to Transfer

A. Standard

Section 1404(a) of Title 28 of the United States Code provides that "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When considering a motion to transfer under 28 U.S.C. § 1404(a), district courts should consider the following discretionary factors:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (Osteen, Sr., J.); accord La Casa Real Estate & Inv., LLC v. KB Home of S.C., Inc., No. 1:09CV895, 2010 WL 2649867,

-3-

at *2-3 (M.D.N.C. June 30, 2010) (unpublished) (Beaty, C.J.); Casana Furniture Co. Ltd. v. Coaster Co. of Am., No. 1:08CV744, 2009 WL 783399, at *1-2 (M.D.N.C. Mar. 24, 2009) (unpublished) (Osteen, Jr., J.) (citing Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003) (Tilley, C.J.)); Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 802-03 (M.D.N.C. 2008) (Schroeder, J.). Unless the balancing of these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed. Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984).

B. Discussion

In the instant case, the balance of the § 1404(a) discretionary factors strongly weighs in favor of transfer to the Eastern District of North Carolina. Initially, the Court notes that Fort Bragg is located in both the Eastern and Middle Districts of North Carolina (see Docket Entry 1, ¶ 8); however, the office with which Plaintiff was employed, and the actions underlying Plaintiff's claims, occurred in the Eastern District (see Docket Entry 14-1).[1] Given that the actions underlying the Complaint

---

[1] The parties concede that Fort Bragg is located in both Cumberland and Hoke Counties. (See Docket Entry 1, ¶ 8; Docket Entry 14 at 2.) Hoke County is located in the Middle District of North Carolina, and Cumberland County is located in the Eastern District. 28 U.S.C. § 113(a) and (b). Although Plaintiff's Complaint asserts that "[o]n information and belief, the unlawful personnel actions or practices, as alleged herein, were committed in Hoke County, North Carolina" (Docket Entry 1 at 1), the affidavit of Army employee Irene Herndon, Chief, Staffing & Classification Division, Civilian Personnel Advisory Center located in Fort Bragg, North Carolina, provides that the ABNSOTD office with which Plaintiff was employed is located in Cumberland County. (See Docket (continued...)

-4-

occurred in the Eastern District, the availability of witnesses is likely served best by proceeding in that forum as well. (See, e.g., Docket Entry 19 at 9 ("Although the case is still in its early stages, Defendant has identified at least 3 employees likely to be witnesses in this matter who work in the Eastern District of North Carolina. There are no known witnesses who work in the Middle District of North Carolina." (internal citation omitted)).) Furthermore, documentary sources of proof regarding Plaintiff's claims - specifically, Plaintiff's supervisory personnel files - are located in the Eastern District of North Carolina. (See Docket Entry 14-1, ¶ 4.) Other relevant documents, such as Plaintiff's official personnel file and pay records, are located in Huntsville, Alabama, and Rome, New York, respectively, and therefore offer no basis for proceeding with the instant action in the Middle District of North Carolina. (Id., ¶ 5.)

Although Plaintiff originally brought this action in the Middle District of North Carolina, Plaintiff is unlikely to suffer any significant burden from a transfer to the Eastern District. Hoke County (located in the Middle District), where Plaintiff resides, is adjacent to Cumberland County (located in the Eastern District). This proximity minimizes concerns regarding increased costs or inconvenience to Plaintiff arising from the transfer.

---

[1](...continued)
Entry 14-1, ¶ 3.) Plaintiff's response to Defendant's motion does not dispute that the ABNSOTD office with which she was employed is located in Cumberland County. (See Docket Entry 18.)

Furthermore, the record bears no indication that a trial would be more difficult, slower or more expensive in the Eastern District of North Carolina.

Finally, in accordance with the requirements of a transfer under 28 U.S.C. § 1404(a), this action might have been brought in the Eastern District of North Carolina originally.  Although venue is governed generally by 28 U.S.C. § 1391, venue in Title VII actions is governed by 42 U.S.C. § 2000e-5(f)(3).  <u>Gwin v. Reynolds & Reynolds Co.</u>, No. 01C770, 2001 WL 775969, *1 (N.D. Ill. July 10, 2001). ("Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions.")  Said statute provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Because "the unlawful employment practice [that] is alleged to have been committed," 42 U.S.C. § 2000e-5(f)(3), occurred in the Eastern District of North Carolina (<u>see</u> Docket Entry 14-1), and "employment records relevant to such practice are maintained and administered," 42 U.S.C. § 2000e-5(f)(3), in part in the Eastern District of North Carolina (<u>see</u>

-6-

id.), the action might have been brought in that district under 42 U.S.C. § 2000e-5(f)(3).

Plaintiff's only bases for proceeding in the Middle District of North Carolina are that Plaintiff resides in Hoke County, which is located in the Middle District, and that Fort Bragg's partial presence in the Middle District constitutes a principal office of Defendant. (See Docket Entry 18 at 2.) While it is unclear to this Court that Fort Bragg's partial presence in the Middle District would constitute a principal office (and Defendant contends that it does not (see Docket Entry 19 at 4, n.2)), the Court finds that, regardless, the factors as a whole weigh in favor of transfer. Specifically, because the facts underlying the instant action occurred in the Eastern District of North Carolina, documentary evidence regarding this action is located in part in the Eastern District of North Carolina, and witnesses are most likely to be located in the Eastern District of North Carolina, transfer to the Eastern District of North Carolina, despite Plaintiff's original choice of forum, is appropriate.

## Motion to Dismiss

Given that the Court has determined that transfer of this matter to the Eastern District of North Carolina is appropriate, this Court need not address the portion of Defendant's motion seeking to dismiss Plaintiff's claim in part.

-7-

Conclusion

Because the § 1404(a) factors weigh strongly in favor of transfer, and the only connections to the Middle District of North Carolina are that Plaintiff resides in this District and that Fort Bragg is located in part in this District, transfer of this matter to the Eastern District of North Carolina is appropriate despite Plaintiff's original choice of forum.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, in Part, and Transfer Venue (Docket Entry 13) is **GRANTED IN PART**, in that this action is transferred to the Eastern District of North Carolina for further proceedings. The Clerk is directed to send the entire record of this action to the Eastern District of North Carolina.

>                   /s/ L. Patrick Auld
>              **L. Patrick Auld**
>     **United States Magistrate Judge**

December 20, 2011

---

[2] "[A] Magistrate Judge is empowered to issue the transfer order, which is non-dispositive, without the approval of the District Court." Scheafnocker v. Commissioner of Internal Revenue Serv., 642 F.3d 428, 433 n.6 (3d Cir. 2011); accord Century Furniture, LLC v. C & C Imports, Inc., No. 1:07CV179, 2007 WL 2712955, at 1 n.1 (W.D.N.C. Sept. 14, 2007) (unpublished); Surotchak v. Apfel, No. Civ. A. 98-0073-C, 1999 WL 301705, at *1 (W.D. Va. Feb. 8, 1999) (unpublished).